IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
FIDELITY BANK,                    )
                                  )
                  Plaintiff,      )    CIVIL ACTION
                                  )
v.                                )    No.  05-1047-MLB
                                  )
U.S. MORTGAGE CORPORATION,        )
                                  )
                  Defendant.      )
                                  )
```

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to dismiss for improper venue, or in the alternative, to transfer venue to the Southern District of New York. (Doc. 12). For the reasons stated herein, defendant's motion is denied.

**I.  FACTS**

Plaintiff, a bank with its principal place of business in Kansas, purchased several loans owned by defendant, a bank with its principal place of business in New Jersey. Subsequent to that purchase, one of the mortgages (Maman mortgage), located in New York, went into default. Plaintiff asserts in its complaint that the Maman mortgage was fraudulently obtained, had not been properly appraised nor properly executed. Defendant responds that the Maman mortgage was not issued by it, but rather had been purchased from a previous bank, Lend America. (Docs. 1 at 6-7; 12 at 1-2).

**II.  IMPROPER VENUE**

Under 28 U.S.C. § 1391(c), a corporation resides wherever it is subject to personal jurisdiction, and venue is proper in a district where the defendant resides. 28 U.S.C. § 1391(a)(1). In this case,

defendant is subject to personal jurisdiction in Kansas.  Therefore, venue is proper in Kansas.

Defendant's motion to dismiss for improper venue is DENIED.

### III. TRANSFER VENUE

"The decision whether to grant a motion to transfer is within the sound discretion of the district court." Boilermaker-Blacksmith Nat'l Pension Fund v. Gendron, 67 F. Supp. 2d 1250, 1251 (D. Kan. 1999). The court may, for the "convenience of parties and witnesses [and] in the interest of justice," transfer any civil action to another district where the suit "might have been brought."  See 28 U.S.C. § 1404(a).

Generally, "there is a strong presumption in favor of hearing the case in the plaintiff's chosen forum.  That presumption is overcome 'only when the private and public interest factors clearly point towards trial in the alternative forum.'" Gschwind v. Cessna Aircraft Co., 161 F.3d 602, 606 (10th Cir. 1998)(quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)).  Movant bears the burden in this matter. See Coleman Co., Inc. v. Dollar Tree Stores, Inc., No. 03-1202-WEB, 2003 WL 22158916, at *6 (D. Kan. Sept. 16, 2003).  The general rule is that "[t]o prevail in a motion to transfer, the moving party must show the balance of factors weighs heavily in favor of transfer." Victor Co., L.L.C. v. Ortho Organizers, Inc., 932 F. Supp. 261, 263 (D. Kan. 1996).

Defendant asserts that the Southern District of New York is the best choice for venue based on location of the witnesses and any physical evidence.  Plaintiff responds that all of its potential witnesses find Kansas a convenient forum.  Defendant, however, failed

-2-

to specifically identify any witnesses who would be inconvenienced by this forum. In order to persuade the court, defendant needs to demonstrate the requisite inconvenience to its witnesses. See <u>Scheidt v. Klein</u>, 956 F.2d 963, 966 (10th Cir. 1992). Moreover, the location of any physical evidence, i.e. the appraisal, is not a compelling factor since it is simply a document and defendant has failed to demonstrate how the parties would have difficulty producing this document in Kansas. Transferring this case to New York would merely shift the burden of trial to plaintiff. Shifting the inconvenience from one side to the other is not a permissible justification for a change of venue. See <u>Scheidt</u>, 956 F.2d at 966.

In addition, defendant asserts that it would be unable to bring a third-party claim against Lend America and Maman since they would not be subject to personal jurisdiction in Kansas. Defendant has not filed a complaint against these parties as third-party defendants and, therefore, any argument by defendant that judicial economy supports a transfer is unpersuasive.[1]

The court declines to exercise its discretionary power to grant the transfer. Defendant's motion is DENIED.

## IV. CONCLUSION

In sum, defendant's motion to dismiss for improper venue, or in the alternative, to transfer venue to the district of New Jersey is DENIED.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions

---

[1] Defendant has not asserted that these parties are indispensable under Fed. R. Civ. P. 19.

-3-

to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

    IT IS SO ORDERED.

    Dated this __2nd__ day of August 2005, at Wichita, Kansas.

                                               s/ Monti Belot
                                               Monti L. Belot
                                               UNITED STATES DISTRICT JUDGE